JOSEPH LEWIS, a Taxpayer of the City of New York, Plaintiff, *v.* FIORELLO H. LAGUARDIA, as Mayor of the City of New York, and EDWARD M. MARKHAM, as Commissioner of Public Works of the City of New York, Defendants.

Supreme Court, Special Term, New York County, May 23, 1939.

*Joseph Wheless,* for the plaintiff.

*William C. Chanler, Corporation Counsel* [*Samuel J. Silverman* and *George G. Gallantz* of counsel], for the defendants.

SHIENTAG, J. This is an action by plaintiff, a taxpayer, for an injunction restraining the defendants, the mayor and the commissioner of public works of the city of New York, from permitting the broadcast over Station WNYC, the municipal broadcasting station, of proceedings at communion breakfasts of the Holy Name societies of city departments. The action is a taxpayer's action under section 51 of the General Municipal Law.

The Holy Name societies in the various city departments are organizations of Catholic employees of those departments. The communion breakfasts are held at hotels, not at churches. The breakfasts themselves and the speeches after the breakfasts are not in any sense religious ceremonies. The broadcasts are of the speeches delivered after the breakfasts by prominent speakers, some of whom are non-Catholics. The evidence shows, moreover, that speeches at breakfasts of the St. George Society, an organization of Protestant city employees, are also broadcast. There is nothing to show that there has been any discrimination or favoritism because of race, color or creed in connection with the use of the facilities of the station.

The municipal authorities base their determination to broadcast such programs upon the fact that they consist of proceedings of organizations of city employees and that at those proceedings persons of standing in the community make addresses of public interest. The standards applied are the same as would be applied upon the broadcast of the proceedings at any other public function of city employees.

Statutory authority exists for the broadcasts. The New York City Administrative Code (§ 683–1.0) provides:

" § 683–1.0. Radio broadcasting station W.N.Y.C.; establishment; operation; maintenance.— It shall be the duty of the department of public works to maintain and operate radio broadcasting station W.N.Y.C. Such station may be used as an adjunct to any municipal agency which may require or use such service and also for the instruction, enlightenment, entertainment, recreation and welfare of the inhabitants of the city by the broadcast of any matters which are deemed appropriate and necessary for the public interest and advantage."

The Administrative Code is, of course, a restatement and codification of the laws applicable to the city of New York. It is not a new enactment. (N. Y. City Administrative Code, § 1–0.0.)

Since the code is a mere codification and restatement, an aid to the interpretation of section 683–1.0, if such interpretation be necessary, may be found in the predecessor of that section, Local Law No. 5 of 1930. That local law gave specific examples of matters " which are deemed appropriate and necessary for the public interest and advantage," and among those specific examples were " entertainments and functions of civic bodies and organizations such as * * * associations and societies of members and employees of any of the city departments." The history of the enactment of that local law makes even clearer the propriety of the broadcasts of the proceedings of the Holy Name societies of city employees.

*Ford* v. *Walker* (227 App. Div. 416; 229 id. 775) was a taxpayer's action to enjoin the use of Station WNYC for private purposes, including the broadcast of the proceedings of a Holy Name society. The Appellate Division in its decision, without expressing any opinion upon the merits of the controversy, held that the complaint stated a cause of action since the complaint alleged that the station had been used to broadcast private gatherings for the purpose of furthering the interests of a religious body, whereas the board of estimate resolution authorizing the appropriation for the installation and construction of the station had limited its use " as an adjunct to the Police and Fire Departments and such other departments as may require or use such services." The Appellate Division held that " in the absence of further action by the board of estimate and apportionment " the use of the station for private purposes will be illegal and that the complaint, therefore, stated a cause of action.

Thereafter defendants answered the complaint. In their answer they set up a defense that the Holy Name society of the police department was a civil organization of members of the police department and that, as such, it was an adjunct to the police department and that the communion breakfast so requested and authorized by the police department is a matter pertaining to the association as an adjunct of the police department. The plaintiff moved to strike out this defense as insufficient. The motion was denied by Special Term.

Pending the appeal to the Appellate Division, Local Law No. 5 of 1930 was enacted. The Appellate Division affirmed the determination of the Special Term denying the motion to strike out the defense. (*Ford* v. *Walker*, 229 App. Div. 775.)

Both the language of the statute and its history make it apparent that the broadcasts here in question are authorized by law. Particularly is this true when the director of the station, the administrative officer charged with its operation, in the sound exercise of his discretion, determines that the program is of such public interest as warrants its broadcast.

The broadcasts do not violate the constitutional provision against gifts of public money. Plaintiff contends that the broadcasts are a violation of section 1 of article 8 of the State Constitution, which provides: " No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual or private corporation or association, or private undertaking." Plaintiff urges that the broadcast of these programs is a gift of money or property to a private organization, the Holy Name society.

What this contention overlooks is that the broadcast is not made for the benefit of the Holy Name society. It is made because it is of interest to the listening public. For that purpose the city may, of course, expend its money or property. General City Law, section 20, subdivision 16, recognizes that this is a proper municipal, and not private, purpose. It provides that every city is empowered " To establish and maintain such institutions and instrumentalities for the instruction, enlightenment, improvement, entertainment, recreation and welfare of its inhabitants as it may deem appropriate or necessary for the public interest or advantage."

The broadcast of the proceedings of the Holy Name society is no more a use of the station for the private purposes of the Holy Name society than is the giving of concerts by private orchestras in Central Park a use of city park property for the private purposes of the orchestras.

In *Ford* v. *Walker* (229 App. Div. 775) the contention was made that the broadcast of the proceedings of the Holy Name society was a gift of city property for private purposes in violation of the constitutional provision. The Appellate Division, sustaining the affirmative defense, must have rejected this contention.

There is nothing in the evidence before me to show that at past communion breakfasts there have been broadcast matters which may be said to constitute sectarian religious propaganda, of no interest to the general public and not within the scope of matters properly the subject of broadcasts by the municipal broadcasting station. The speeches are educational and cultural in character. That they may also stress the importance of religious ideals is no reason for prohibiting their broadcast over the station — quite the contrary.

Judgment for the defendants on the merits. Settle judgment in accordance with this decision.